BRAUNSTEIN v. AMERICAN BONDING TRUST CO.

(Supreme Court, Appellate Term.   November 18, 1903.)

1. ATTACHMENT—DISMISSAL—COUNSEL FEES.
     Where, after a motion by defendant in attachment to vacate on new facts, and pending the hearing the claim in suit is settled by payment in full, and the motion granted on consent, the defendant is not entitled, under the attachment bond, to costs for counsel fees in the proceedings to vacate.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses L. Braunstein against the American Bonding Trust Company on an undertaking in attachment.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Clarence P. Moser, for appellant.
Aaron Morris, for respondent.

BISCHOFF, J.   After denial of a motion to vacate an attachment upon the papers, the defendant to the action moved to vacate upon new facts, but pending the hearing settled the claim in suit by payment in full, and the motion was granted upon consent, with a discontinuance of the action.   The present action was brought by the plaintiff (the attachment defendant) upon the undertaking given on the attachment, and the judgment appealed from was rendered in his favor for the reasonable expense incurred for the services of counsel in the proceedings to vacate the warrant, which proceedings, as noted, terminated an order entered upon consent.

To permit a recovery in such a case certainly does not accord with substantial justice, and the result reached does not appear to be required by any technicality which may be resorted to.   The creditor's consent to the granting of the motion to vacate the attachment upon payment of this small debt could not have implied an understanding that he should pay (through his surety) a very substantial sum to the adverse party's attorney for services which resulted in nothing.   The circumstances under which the vacating order was obtained can only import a waiver of the defendant's damages by reason of the attachment, for the parties could have acted on no other understanding.   Again, if, technically, the undertaking was enforceable, the recovery of counsel fees upon the motion to vacate the warrant was not within that undertaking, since the vacatur was not obtained through the services of counsel to that end, but through the party's own payment of his debt.   The damages claimed, therefore, were not sustained by reason of the attachment, because not necessarily involved in the proceedings to vacate it.   In substantial effect the action proceedings to vacate were abandoned with the very payment of the claim there in suit, and the vacating order became the sequence of the settlement, not of the motion to vacate, in the course of which the services of counsel were rendered. There is no dispute, nor suggested ground for dispute, upon the facts, all material matters as to the vacating of this attachment being admitted for the purposes of the record.   The plaintiff has no right of recovery which might be established upon a new trial, and the judgment is accordingly reversed, and the complaint dismissed, with costs.   All concur.